IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**STATE FARM FIRE AND**
**CASUALTY COMPANY,**

      Plaintiff,

Vs.                                                                    Docket No.
                                                                            Judge:

**JESSICA L. HOWARD, MARK DODSON,**
**SHARIKA JACKSON, TAYLOR MAYES,**
**RASHAMAN HARPER,**
**DANIELLE FITZPATRICK, and**
**HIGHLAND CREEK APARTMENTS**

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff State Farm Fire and Casualty Company, and for its Complaint against Defendants, Jessica L. Howard, Mark Dodson, Sharika Jackson, Taylor Mayes, Rashaman Harper, Danielle Fitzpatrick, and Highland Creek Apartments, would state and show as follows:

1.    Plaintiff State Farm Fire and Casualty Company ("State Farm") is an Illinois corporation with its principal place of business located in Bloomington, Illinois, and duly qualified to do business in Tennessee.

2.    Defendant Jessica Howard is a resident and citizen of Shelby County, Tennessee, and may be served with process at her residence located at 4045 Wisteria Drive, Memphis, TN 38116.

3.    Defendant Mark Dodson is a resident and citizen of Shelby County, Tennessee and may be served with process at his residence located at 1317 Labrador Lane, Memphis, TN 38116.

4.     Defendant Sharika Jackson is a resident and citizen of Shelby County, Tennessee and may be served with process at her residence located at 1317 Labrador Lane, Memphis, TN 38116.

5.     Defendant Taylor Mayes is a resident and citizen of Shelby County, Tennessee and may be served with process at her residence located at 3435 Feldspar Cove, Memphis, TN 38118.

6.     Defendant Rashaman Harper is a resident and citizen of Shelby County, Tennessee and may be served with process at his residence located at 544 Clover, Memphis, TN 38120.

7.     Defendant Danielle Fitzpatrick is a resident and citizen of Shelby County, Tennessee and may be served with process at his residence located at 3435 Feldspar Cove, Memphis, TN 38118.

8.     Defendant Highland Creek Apartments is a Tennessee company and apartment complex which is located at 1318 Dove Flight Lane, Memphis, TN 38116, and may be served with process through its agent, Sharika Jackson at 1318 Dove Flight Lane, Memphis, TN 38116.

9.     Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202.  This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

10.    This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391, and Local Rule of Court 77.1(c), because it is the district in which a substantial part of the events giving rise to the claim occurred and in which Defendants reside.

11. Plaintiff State Farm issued its Homeowner's Policy of Insurance, policy number 42-79-5429-0 (copy attached as **Exhibit A**), to Debra B. Boyce-Mayes with effective dates of October 7, 2012 through October 7, 2013. This policy was in full force and effect on or about December 23, 2012, and at all times pertinent to this action.

12. Defendants Taylor Mayes and Danielle Fitzpatrick are the children of Debra B. Boyce-Mayes, and both live with their mother.

13. On March 25, 2013, a Complaint for personal injuries was filed in the Circuit Court of Shelby County, Tennessee by Defendant Jessica L. Howard against Defendants Mark Dodson, Sharika Jackson, Taylor Mayes, Rashaman Harper, Danielle Fitzpatrick, and Highland Creek Apartments, seeking compensatory damages in the amount of $750,000.00 and punitive damages in an unlisted amount. The Complaint bears the docket number CT-001329-13, and a copy is attached hereto as **Exhibit B**.

8. The allegations of the personal injury suit, according to the Complaint bearing docket number CT-001329-13, arise out of an incident wherein Jessica L. Howard was assaulted by Mark Dodson, Taylor Mayes, Rashaman Harper, and Danielle Fitzpatrick. This suit was also brought against Sharika Jackson, as she is the mother of Defendant Mark Dodson. This suit was also brought against Highland Creek Apartments, which is where this incident took place.

9. Defendants Taylor Mayes and Danielle Fitzpatrick have demanded that Plaintiff State Farm provide a defense and coverage for the above-referenced lawsuit filed against them by Jessica L. Howard, in the Circuit Court of Shelby County, Tennessee.

10. Plaintiff State Farm contends and asserts that it has no duty under its Homeowner's Policy, policy number 42-79-5429-0, to defend and/or indemnify Taylor Mayes and Danielle Fitzpatrick under the facts alleged in the Complaint filed by Jessica L. Howard.

Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

      11.      State Farm's Homeowner's Policy states in pertinent part:

**DEFINITIONS**

"You" and "your" mean the "named insured" shown in the **Declarations**. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the **Declarations**.

Certain words and phrases are defined as follows:

1.      "**bodily injury**" means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom.

      **Bodily injury** does not include:
      . . .
      c.      emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

. . .

4.      **"insured"** means you and, if residents of your household:

      a.      your relatives; and
      b.      any other person under the age of 21 who is in the care of a person described above.

. . .

7.      "**occurrence**", when used in Section II of this policy, means an accident, including exposure to conditions, which results in:
      a.      **bodily injury**; or
      b.      **property damage**;
during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

. . .

**SECTION II – LIABILITY COVERAGES**
**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

      1.      pay up to our limit of liability for the damages for which the **insured** is legally liable; and
      2.      provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages,

to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

**COVERAGE M – MEDICAL PAYMENTS TO OTHERS**

We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing **bodily injury**. . . . This coverage applies only:
. . .
2. to a person off the **insured location**, if the **bodily injury**:
   b. is caused by the activities of an **insured**. . . .
. . .

**SECTION II – EXCLUSIONS**

1. Coverage L and Coverage M do not apply to:

   a. **bodily injury** or **property damage**:
      (1) which is either expected or intended by the **insured**; or
      (2) which is the result of willful and malicious acts of the **insured**. . . .

12. According to the allegations of the Complaint, Taylor Mayes assaulted, threatened, and attacked Jessica L. Howard, and Danielle Fitzpatrick pepper-sprayed Jessica L. Howard in the face. The Complaint alleges that as a result of Taylor Mayes and Danielle Fitzpatrick's intentional actions, Jessica L. Howard suffered a broken collar bone, a broken rib, several fractures in her spine, various lacerations, and multiple bruises. Additionally, the Complaint alleges that as a result of Taylor Mayes and Danielle Fitzpatrick's intentional actions, Jessica Howard sustained permanent disfigurement and physical scarring, excruciating pain and suffering, impaired ability to enjoy the normal pleasures of life, loss of income and scholarship opportunities, severe emotional distress and mental anguish, and loss of personal property.

13. Pursuant to the above-referenced provisions of State Farm's Homeowner's Policy, and the facts alleged in the Complaint for personal injuries filed by Jessica L. Howard in the Circuit Court of Shelby County, Tennessee, docket number CT-001329-13, Plaintiff State Farm contends that it has no duty to defend and/or indemnify Defendants Taylor Mayes and Danielle

Fitzpatrick in that cause or to provide coverage for any liability arising out of the alleged attack of Defendant Howard because such acts do not meet the definition of "occurrence" under the policy.  Plaintiff State Farm further contends that it has no duty to defend and/or indemnify Defendants Taylor Mayes and Danielle Fitzpatrick in that cause or to provide coverage for any liability arising out of the alleged act of Defendants Taylor Mayes and Danielle Fitzpatrick because certain claimed injuries were not "bodily injury[ies]" as defined by the policy. Additionally, Plaintiff State Farm contends that it has no duty to defend and/or indemnify Defendants Taylor Mayes and Danielle Fitzpatrick pursuant to the exclusionary language of the policy which states that "Coverage L and M do not apply to: a. bodily injury or property damage: (1) which is either expected or intended by the insured; or (2) which is the result of willful and malicious acts of the insured."

WHEREFORE, PREMISES CONSIDERED, Plaintiff State Farm Fire and Casualty Company prays:

1.     That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2.     For a declaration of rights, obligations, and legal relations of the Plaintiff and Defendants by reason of the aforesaid policy of insurance;

3.     For a declaration that Plaintiff is not obligated to furnish legal counsel or otherwise provide a defense on behalf of Defendants Taylor Mayes and Danielle Fitzpatrick or any other party-defendant in the action filed by Jessica L. Howard pending in the Shelby County Circuit Court, docket number CT-001329-13;

4.     For a declaration that no coverage is afforded under the insurance policy issued to Taylor Mayes and Danielle Fitzpatrick, policy number 42-79-5429-0, for the claims and

demands made in the action filed by Jessica L. Howard pending in the Shelby County Circuit Court, docket number CT-001329-13;

     5.     For the costs of this cause; and

     6.     For such other relief to which Plaintiff may be entitled under the facts and circumstances of this cause.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By:    s/ Jonathan D. Stewart
        JONATHAN D. STEWART, BPR #023039
        *Attorney for Plaintiff State Farm Fire and Casualty Company*
        209 E. Main Street
        P.O. Box 1147
        Jackson, TN 38302–1147
        (731) 423-2414

## COST BOND

We acknowledge ourselves surety for costs in the above matter not to exceed One Thousand and 00/100 Dollars ($1,000.00).

                        RAINEY, KIZER, REVIERE & BELL, P.L.C.

                        By:    s/ Jonathan D. Stewart
                               JONATHAN D. STEWART, BPR #023039
                               *Attorney for Plaintiff*